NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000060
18-JUN-2019
07:53 AM

NO. CAAP-18-0000060

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


BONNIE LIMATOC-DEPONTE, Petitioner-Appellee,
v.
EDMOND CANI, Respondent-Appellant


APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
NORTH AND SOUTH HILO DIVISION
(CASE NO. 3SS17-1-0385)


SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Chan and Hiraoka, JJ.)

Respondent-Appellant Edmond Cani (**Cani**) appeals from the Order Granting Petition for Injunction Against Harassment (**Order**) in favor of Petitioner-Appellee Bonnie Limatoc-Deponte (**Limatoc-Deponte**) entered by the District Court of the Third Circuit, North and South Hilo Division (**District Court**) on January 10, 2018. Cani contends that:

1. the District Court lacked jurisdiction over an incident that took place within the Hawaiʻi Volcanoes National Park; and

2. the evidence was insufficient to support the Order.

For the reasons explained below, we affirm the Order.

On November 14, 2017, Limatoc-Deponte filed a petition for a temporary restraining order (**TRO**) and injunction against Cani. A fifteen-day temporary restraining order was issued

against Cani <u>nunc pro tunc</u> November 13, 2017,[1] and a return was set for November 29, 2017.  Cani appeared at the return and denied the allegations.  The District Court set a trial for January 10, 2018, and extended the TRO until that date.[2]

Trial took place on January 10, 2018.[3]  Limatoc-Deponte testified that on October 13, 2017, she was driving a mini-bus on a tour at Rainbow Falls.  One of her passengers said, "Bonnie, that guy is getting out of his bus."  Limatoc-Deponte then saw Cani outside her mini-bus, yelling and swearing at her and punching the passenger door and exit window.  Limatoc-Deponte drove away.  Cani tried to follow in his mini-bus but another car was in the way.  Limatoc-Deponte testified that then, on October 31, 2017, she had driven a tour group to the Jaggar Museum at the Hawai'i Volcanoes National Park.  As she was waiting for the passengers to return to the bus, Cani walked up, swore, and threatened her.  She made a police report.  The District Court received the report in evidence.

Cani testified on his own behalf.  He said he was driving a tour bus at Rainbow Falls on October 13, 2017.  His bus was parked.  A bus driven by Limatoc-Deponte almost hit his bus. Their buses left Rainbow Falls at the same time.  Cani said Limatoc-Deponte's bus was going "extremely slow.  Like block me." He pulled up next to her "to tell her that you almost hit me there, so be careful."  Cani said, "she gave me the bird.  And then she left."  On "the next cruise ship day," Cani saw Limatoc-Deponte at the Jaggar Museum.  He asked her, "So are you always like that or that was a special day that you had some kind of problem?"

After hearing closing arguments, the District Court issued the Order.  This appeal followed.

Cani incorrectly contends that the District Court lacked jurisdiction because the second incident happened at

---

[1]     The Honorable Diana L. Van De Car signed the TRO.

[2]     The Honorable Darien W.L. Ching Nagata presided over the return.

[3]     The Honorable M. Kanani Laubach presided over the trial.

Hawai'i Volcanoes National Park, where the federal government has "sole and exclusive jurisdiction[.]" Section 16(b)(ii) of Public Law No. 86-3, 73 Stat. 4 (1959), also known as the Hawaii Admission Act, gives the State of Hawai'i concurrent jurisdiction over Hawai'i Volcanoes National Park. Cf. State v. Thomas, 8 Haw. App. 497, 810 P.2d 668 (1991) (state had concurrent jurisdiction under Hawaii Statehood Act § 16(b)(ii) to prosecute defendant for abuse of family or household member in violation of HRS § 709-906(1) for an incident committed on federal property at Pu'uloa Naval Reservation). The District Court had jurisdiction to issue the Order under Hawaii Revised Statutes (**HRS**) § 604-10.5(b) and (c).[4]

We disagree with Cani's contention that the evidence was insufficient to support the District Court's Order. First, Cani argues that the District Court should not have considered evidence about what happened at Jaggar Museum because the court

---

[4]     HRS § 604-10.5 (2016) provides, in relevant part:

> **Power to enjoin and temporarily restrain harassment.**
> (a) For the purposes of this section:
>
> "Course of conduct" means a pattern of conduct composed of a series of acts over any period of time evidencing a continuity of purpose.
>
> "Harassment" means:
>
> (1)     Physical harm, bodily injury, assault, or the threat of imminent physical harm, bodily injury, or assault; or
>
> (2)     An intentional or knowing course of conduct directed at an individual that seriously alarms or disturbs consistently or continually bothers the individual and serves no legitimate purpose; provided that such course of conduct would cause a reasonable person to suffer emotional distress.
>
>         (b)     The district courts shall have the power to enjoin, prohibit, or temporarily restrain harassment.
>
>         (c)     Any person who has been subjected to harassment may petition the district court of the district in which the petitioner resides for a temporary restraining order and an injunction from further harassment.

The statutory definition of harassment does not include a geographic or jurisdictional component.

had no jurisdiction over Hawai'i Volcanoes National Park. Citing Duarte v. Young, 134 Hawai'i 459, 464, 342 P.3d 878, 883 (App. 2014), he then argues that his conduct at Rainbow Falls was a single act that, "even if it disturbs, alarms, bothers, or intimidates an individual[,]" does not meet the statutory definition of "course of conduct."

As discussed above, the State of Hawai'i has concurrent jurisdiction with the federal government over Hawai'i Volcanoes National Park. Cani's alleged conduct towards Limatoc-Deponte on October 13, 2017, and October 31, 2017, if believed by the District Court to be true, would constitute a "course of conduct" within the meaning of HRS § 604-10.5.

Cani next argues that the District Court did not make specific findings regarding the incident at Jaggar Museum, and therefore the Order was based on the single incident at Rainbow Falls which could not constitute a "course of conduct" under Duarte. During the trial Limatoc-Deponte and Cani each testified to their respective versions of the incident at Jaggar Museum. The District Court stated to Cani, after hearing all of the evidence:

> So I believe what Miss Limatoc-Deponte -- what she said happened, I believe what she said.
>
> . . . .
>
> . . . I'm going to find that Miss Limatoc-Deponte's testimony was more credible, sir, than yours.

The District Court then had the following dialog with Cani:

> THE COURT: So why even go to her the second time at the Jaggar Museum? Why even go to talk to her at that point? Why do that?
>
> MR. CANI: That was kind of the first time, ma'am. Because the first time at the Rainbow Falls we didn't even talk. She was on her van, I was in -- on her bus. I was in my bus. We didn't even have any conversation or anything what happened. I didn't even get a chance to tell her that you almost hit me. It was me honking the horn.

"[I]t is for the trial judge as fact-finder to assess the credibility of witnesses and to resolve all questions of fact;

the judge may accept or reject any witness's testimony in whole or in part." Duarte, 134 Hawai'i at 464, 342 P.3d at 883 (citation omitted). The District Court believed Limatoc-Deponte's version of what happened at Jaggar Museum. Those facts were sufficient to support the District Court's issuance of the Order.

Finally, Cani argues that his conduct at Rainbow Falls did not constitute a "threat of imminent physical harm, bodily injury, or assault" within the meaning of HRS § 604-10.5. The phrase "threat of imminent physical harm, bodily injury, or assault" means "that an alleged harasser's conduct expressly or impliedly communicates an intent to physically harm, cause bodily injury, or assault another person imminently." Duarte, 134 Hawai'i at 464-65, 342 P.3d at 883-84. This is an objective test. Id. The District Court accepted Limatoc-Deponte's testimony that Cani yelled and swore at her and punched the door and exit window of her mini-bus. The District Court did not err in finding that Cani's conduct was sufficient to objectively communicate "an intent to physically harm, cause bodily injury, or assault another person imminently." Id.

For the foregoing reasons, the Order Granting Petition for Injunction Against Harassment entered by the District Court on January 10, 2018, is affirmed.

DATED: Honolulu, Hawai'i, June 18, 2019.

On the briefs:

Francis R. Alcain,
for Respondent-Appellant.

Bonnie Limatoc-Deponte,
Petitioner-Appellee/
Self-Represented.

Presiding Judge

Associate Judge

Associate Judge

5